IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AZER SCIENTIFIC INCORPORATED | : |
| Plaintiff, | : CIVIL ACTION NO. _____ |
| v. | : JURY TRIAL DEMANDED |
| QUIDEL CORPORATION | : |
| Defendant. | : |

### COMPLAINT

Plaintiff Azer Scientific Incorporated ("Azer"), by and through its counsel, hereby brings this Complaint against Defendant Quidel Corporation ("Quidel") and, in support thereof, alleges as follows:

### NATURE OF ACTION

1. This is an action for breach of contract, anticipatory breach of contract, promissory estoppel, quantum meruit, unjust enrichment, and declaratory relief.

2. Plaintiff Azer manufactures and supplies products for laboratories, and provides manual and automated tube-filling services. Defendant Quidel develops and manufactures medical devices. Under a contract with Quidel, Azer agreed to produce Quidel's liquid solution for Quidel and to fill and cap millions of tubes for use in Quidel's diagnostic test kits.

3. Earlier this year, Quidel approached Azer about its need to fill and cap one million 2 milliliter (mL) tubes per week (that need ultimately more than doubled, to 2.5 million 2 mL tubes per week). Azer responded that it would be willing to do so, but that to satisfy Quidel's request, it would need to purchase and install specialized automation machines and equipment that could fill the 2 mL tubes. Since that would require Azer's substantial investment

of time and money, Azer informed Quidel, in writing, that it would need Quidel to commit to a minimum unit order to be supplied over at least a 12 month period.  In a written response, Quidel confirmed its unequivocal acceptance of Azer's offer to supply the 2.5 million prefilled tubes per week, including an express confirmation of Quidel's 12 month commitment, the minimum unit amount, price, and approval of Azer's purchase of the automated machines to fulfill Quidel's order.

4. At that point, a valid and enforceable contract existed between Quidel and Azer. In June 2021, however, Quidel breached the contract, informing Azer that it would not order the agreed-to units.  By that time, in reliance upon the parties' agreement and Quidel's express assurances, Azer had already purchased the specialized automation equipment, hired additional staff, and committed other company resources to fulfilling Quidel's order.

5. Azer seeks declaratory relief and damages for Quidel's breach of the contract and Quidel's statements and actions constituting an anticipatory breach of the contract.  In the alternative, Azer seeks damages under promissory estoppel based on Quidel's express promises, upon which Azer reasonably relied and which induced Azer to purchase specialized equipment and incur other expenses to its detriment, and quantum meruit and unjust enrichment based on Quidel's retention of benefits conferred by Azer without compensation.

## PARTIES

6. Plaintiff Azer is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 701 Hemlock Road, Morgantown, Pennsylvania, 19543.

7. Defendant Quidel is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 9975 Summers Ridge Road, San Diego, California, 92121.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case on diversity grounds, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. This Court has personal jurisdiction over Defendant Quidel because the causes of action asserted in this Complaint arise out of Quidel transacting business in Pennsylvania, contracting for services or products in Pennsylvania, causing harm to a Pennsylvania company by an act or omission in Pennsylvania, and causing harm to a Pennsylvania company by an act or omission outside Pennsylvania.

10. Venue is proper in this judicial District pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL BACKGROUND

*Quidel Asks if Azer Can Fill One Million 2 mL Tubes Per Week and Azer Responds that Azer Would Have to Order New Automation Equipment to Do So*

11. On or about March 2, 2021, Kyra Bader, who upon information and belief is an employee, agent, and/or authorized representative of Quidel, sent an email on behalf of Quidel to Adam Ardekani, President of Azer,[1] asking whether Azer could fill one million 2 mL tubes per

---

[1] Hereinafter, and unless an individual is specifically identified, reference is made generally to "Azer" and "Quidel" as sender and/or recipient of emails and other correspondence. Upon information and belief, Kyra Bader, Hiva Ardalan, John Sanks, Kyle Richardson, and other individuals with Quidel email addresses were, at all relevant times, employees, agents, and/or representatives of Quidel, and made representations on Quidel's behalf.

3

week for Quidel for use in diagnostic test kits.  Azer responded by email that its automation process was set up to fill and cap 10 mL tubes only.

12.     Two days later, however, Azer advised Quidel that Azer could order and place into service new automation machines to fill and cap 2 mL tubes, and that the new machines would enable Azer to fill and cap over one million 2 mL tubes per week for Quidel, per Quidel's need.

***Azer Requires At Least 12 Month Commitment from Quidel Before Azer Would Purchase and Install New Automation Equipment Needed to Satisfy Quidel's Order***

13.     Azer further advised Quidel that if Quidel decided to go forward with its order from Azer, Azer would require Quidel to commit to a minimum order of 48 million 2 mL tubes to be supplied over a 12 month period.  Azer included information about the specialized automated filler/capper machines (hereinafter "automation equipment") that Azer would order and use if Quidel decided to place the order with Azer.

14.     On or about March 9, 2021, after email exchanges between Azer and Quidel regarding sample tubes and caps and quality control testing, Azer emailed Quidel pricing proposals for: (1) a 12 month commitment to purchase 48 million 2 mL tubes; and (2) an 18-24 month commitment to purchase 96 million 2 mL tubes.

15.     Azer further stated in its March 9, 2021 email that "[a]s soon as we have Quidel's commitment, we are going to move forward with the automation [equipment] with expectations that it will arrive in 7-8 weeks."

16.     Between March 9 and March 17, 2021, Azer and Quidel exchanged additional emails and had phone calls; Azer emailed Quidel an updated pricing proposal that included "lead times" to account for the time it would take for Azer to receive and install the new automation equipment; Quidel proposed that Azer also produce the reagent solution (using Quidel's formula)

4

that would ultimately fill the tubes, in addition to filling and capping the tubes; and Azer advised Quidel that it would provide an updated quote incorporating the reagent solution formulation.

### *Quidel Accepts Azer's March 25 Offer with Express "Confirmation" of Quidel's 12 Month Commitment and Other Essential Terms and its Approval of Azer's Purchase of New Automation Equipment*

17. On or about March 25, 2021, Azer emailed Quidel a quote for Azer to produce the reagent solution and fill 2.5 million tubes per week over a 12 month commitment period at a set price. Azer further asked Quidel in the email to "[p]lease confirm to me in writing that we are approved to order the [automation] equipment and that we have your commitment."

18. The same day, Quidel responded by email to Azer: "***Please use this note as confirmation that we will be moving forward with the 2.5 [million]/week (10 [million]/month) commitment and to support Azer's order of [automation] equipment***." (Emphasis added).

19. In subsequent emails on the same day, Azer and Quidel further confirmed via email that the total amount of tubes that Azer would fill over the entire 12 month commitment period would be 120 million tubes. (This March 25, 2021 email exchange is hereinafter "March 25 Agreement" or "March 25 contract").

### *Azer Purchases New Automation Equipment based on March 25 Agreement, including Quidel's 12 Month Commitment*

20. Accordingly, and in reliance on its March 25 Agreement with Quidel and Quidel's express "confirmation" that Quidel was moving forward with the order, including its 12 month commitment "to support Azer's order of equipment," Azer purchased the automation equipment.

21. Azer also informed Quidel on or about March 25, 2021 that Azer had begun "to order all necessary components as well as the automation [equipment]" and that Azer looked forward to working with Quidel.

5

*Quidel Sends Draft Document Removing Agreed-Upon 12 Month Commitment Term*

22. On or about April 12, 2021, Quidel emailed Azer a draft document titled "Supply Agreement."

23. Azer understood that any supply agreement would adopt the essential terms of the March 25 Agreement that Azer and Quidel had already made and intended to be binding.

24. However, on or around May 20, 2021, Quidel emailed Azer a revised draft document, which included redline edits striking the 12 month commitment language. Upon information and belief, the redline edits were made on behalf of Quidel by employees, agents, and/or authorized representatives of Quidel.

25. On or about May 21, 2021, Azer emailed Quidel and stated: "***Quidel removed the 12-month commitment that we agreed-upon***. This project was launched on the basis of Quidel's 12-month commitment, which is reflected in everything from Pricing to our Investment in equipment to help serve your needs long-term." (Emphasis added).

26. On or about June 21, 2021, however, Quidel informed Azer that it would not satisfy its agreement to purchase tubes over the agreed-upon 12 month commitment period, in breach of the parties' contract.

## COUNT I – BREACH OF CONTRACT

27. Azer hereby incorporates paragraphs 1 through 26 as if fully set forth herein.

28. On or about March 25, 2021, Azer and Quidel entered into a valid, enforceable contract for the production of reagent solution and filling and capping of 120 million 2 mL tubes to be supplied by Azer and paid for by Quidel over a 12 month commitment period.

29. On or about June 21, 2021, Quidel advised Azer that it would not purchase 120 million 2 mL tubes over the course of the 12 month commitment period.

30. Quidel's failure to purchase 120 million 2 mL tubes for the 12 month commitment period constitutes a breach of Quidel's obligations under the March 25 contract.

31. As a result of Quidel's breach of the March 25 contract, Azer has incurred substantial damages, including but not limited to, costs associated with purchasing specialized automation equipment, costs associated with dedicating significant company time and resources to the project, costs associated with the lost opportunity to take on other customers and orders, and other costs to be set forth after a protective order or confidentiality agreement is in place in this litigation.

**WHEREFORE**, Plaintiff Azer Scientific Incorporated respectfully requests that judgment be entered in its favor and against Defendant Quidel Corporation and asks this Court to declare that Quidel is in breach of the contract and award Azer specific performance, reliance damages, incidental and consequential damages, special damages, liquidated damages, lost profits, delay damages, restitution, pre-judgment interest, attorneys' fees and costs, and any such other and further relief to which Azer may be entitled and/or as the Court shall deem just and equitable.

## COUNT II – ANTICIPATORY BREACH OF CONTRACT

32. Azer hereby incorporates paragraphs 1 through 31 as if fully set forth herein.

33. On or about March 25, 2021, Azer and Quidel entered into a valid, enforceable contract for the production of reagent solution and filling and capping of 120 million 2 mL tubes to be supplied by Azer and paid for by Quidel over a 12 month commitment period.

34. On or about June 21, 2021, Quidel advised Azer that it would not purchase 120 million 2 mL tubes over the course of the 12 month commitment period.

35. Quidel's statements that it would not purchase 120 million 2 mL tubes over the course of the 12 month commitment period indicate that Quidel does not intend to recognize or honor the March 25 contract and constitute an unequivocal renunciation of its obligations under the March 25 contract.

36. As a result of Quidel's anticipatory breach of the March 25 contract, Azer has incurred substantial damages, including but not limited to, costs associated with purchasing specialized automation equipment, costs associated with dedicating significant company time and resources to the project, costs associated with the lost opportunity to take on other customers and orders, and other costs to be set forth after a protective order or confidentiality agreement is in place in this litigation.

**WHEREFORE**, Plaintiff Azer Scientific Incorporated respectfully requests that judgment be entered in its favor and against Defendant Quidel Corporation and asks this Court to declare that Quidel's statements and actions constitute an anticipatory breach of the contract and award Azer specific performance, reliance damages, incidental and consequential damages, special damages, liquidated damages, lost profits, delay damages, restitution, pre-judgment interest, attorneys' fees and costs, and any such other and further relief to which Azer may be entitled and/or as the Court shall deem just and equitable.

## COUNT III – PROMISSORY ESTOPPEL

37. Azer hereby incorporates paragraphs 1 through 36 as if fully set forth herein.

38. On or about March 25, 2021, Quidel made a promise to Azer in the form of a written confirmation that Quidel would order a certain amount of product from Azer over a 12 month commitment period and that Azer could purchase the specialized automation equipment necessary to fulfill Quidel's order.

39.     Quidel made this promise in response to Azer's express requests for confirmation of Quidel's 12 month commitment and approval of Azer's purchase of the specialized automation equipment.  Additionally, Azer communicated to Quidel in writing on numerous occasions before March 25, 2021 that Azer's agreement to fulfill Quidel's order, as well as Azer's purchase of the specialized automation equipment necessary to fulfill Quidel's order, was conditioned on Quidel's commitment to a 12 month period.  Further, Quidel and Azer agreed that Azer would begin production to fulfil Quidel's order in or around June 2021.  Thus, Quidel should have reasonably expected that its affirmative promise in response to Azer's March 25 request would induce Azer to act.

40.     Azer was induced to act, and changed its position to its detriment, in reasonable reliance on Quidel's promise, including by purchasing the specialized automation equipment, dedicating resources, incurring other expenses in preparing to fulfill Quidel's order, and forgoing other opportunities to prepare to fulfill Quidel's order.

41.     Quidel's promise should be enforced to prevent injustice to Azer.

**WHEREFORE**, Plaintiff Azer Scientific Incorporated respectfully requests that judgment be entered in its favor and against Defendant Quidel Corporation and asks this Court to award Azer compensatory damages, reliance damages, incidental and consequential damages, lost profits, restitution, attorneys' fees and costs, pre-judgment interest, and any such other and further relief to which Azer Scientific Incorporated may be entitled and/or as the Court shall deem just and equitable.

## COUNT IV – QUANTUM MERUIT

42.     Azer hereby incorporates paragraphs 1 through 41 as if fully set forth herein.

43. Azer conferred benefits on Quidel, including by virtue of Azer's production of reagent solution and its filling and capping services provided for Quidel.

44. Quidel appreciated such benefits.

45. Quidel accepted and retained such benefits under circumstances that would be inequitable for Quidel to retain such benefits without paying all monies due and owing to Azer.

**WHEREFORE**, Plaintiff Azer Scientific Incorporated respectfully requests that judgment be entered in its favor and against Defendant Quidel Corporation and asks this Court to award Azer compensatory damages, reliance damages, incidental and consequential damages, lost profits, restitution, attorneys' fees and costs, pre-judgment interest, and any such other and further relief to which Azer Scientific Incorporated may be entitled and/or as the Court shall deem just and equitable.

### COUNT V – UNJUST ENRICHMENT

46. Azer hereby incorporates paragraphs 1 through 45 as if fully set forth herein.

47. Azer conferred benefits on Quidel, including by virtue of Azer's production of reagent solution and its filling and capping services provided for Quidel.

48. Quidel appreciated such benefits.

49. Quidel accepted and retained such benefits under circumstances that would be inequitable for Quidel to retain such benefits without paying all monies due and owing to Azer.

**WHEREFORE**, Plaintiff Azer Scientific Incorporated respectfully requests that judgment be entered in its favor and against Defendant Quidel Corporation and asks this Court to award Azer compensatory damages, reliance damages, incidental and consequential damages, lost profits, restitution, attorneys' fees and costs, pre-judgment interest, and any such other and

further relief to which Azer Scientific Incorporated may be entitled and/or as the Court shall deem just and equitable.

### COUNT VI – DECLARATORY JUDGMENT

50. Azer hereby incorporates paragraphs 1 through 49 as if fully set forth herein.

51. A contract exists between Azer and Quidel with respect to Azer's production of reagent solution and filling and capping of 120 million 2 mL tubes to be supplied by Azer and paid for by Quidel over a 12 month commitment period.

52. Under the contract, Quidel is obligated to make payments to Azer over a period of 12 months for its production and supply of reagent and automated filling and supply of tubes.

53. An actual controversy has arisen and now exists with respect to Azer's rights and Quidel's obligations under the contract.

54. Accordingly, Azer requests a judicial declaration with respect to the existence of the contract and Azer's rights and Quidel's obligations thereunder.

**WHEREFORE**, Plaintiff Azer Scientific Incorporated respectfully requests that judgment be entered in its favor and against Defendant Quidel Corporation and asks this Court to:

    a. Declare that Quidel breached the March 25, 2021 contract;

    b. Declare that Quidel made statements and took actions constituting an anticipatory breach of the March 25, 2021 contract;

    c. Declare that Azer is entitled to specific performance of the March 25, 2021 contract;

    d. Declare that the March 25, 2021 contract is terminated as a result of Quidel's breach;

    e. Award Azer damages arising from such breach, including reliance damages, incidental and consequential damages, special damages, liquidated damages, lost profits, and delay damages;

  f.  Declare, in the alternative, that Quidel made a promise upon which Azer reasonably relied and was induced to act to its detriment and that Quidel's promise must be enforced;

  g.  Award Azer damages arising from Quidel's inducement, including reliance damages, compensatory damage, incidental and consequential damages, and lost profits;

  h.  Declare, in the alternative, that Quidel retained benefits conferred by Azer and Quidel was unjustly enriched thereby;

  i.  Award Azer restitution;

  j.  Award Azer its attorneys' fees and costs;

  k.  Award Azer pre-judgment interest; and

  l.  Order such other and further relief to which Azer may be entitled and/or as the Court shall deem just and equitable.

## DEMAND FOR JURY TRIAL

Azer Scientific Incorporated hereby demands a jury trial on all issues and claims so triable.

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated: July 2, 2021

By: _/s/ Ronald P. Schiller_
Ronald P. Schiller (Pa. Bar I.D. No. 41357)
Michael R. Carlson (Pa. Bar I.D. No. 89937)
Elizabeth C. Dolce (Pa. Bar I.D. No. 324448)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568 6200
(215) 568 0300 facsimile
rschiller@hangley.com
mcarlson@hangley.com
edolce@hangley.com

*Counsel for Plaintiff*
*Azer Scientific Incorporated*