IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AZER SCIENTIFIC INCORPORATED, : | | |
| Plaintiff, : | | |
| : | | |
| v. : | Civil No. 5:21-cv-02972-JMG | |
| : | | |
| QUIDEL CORPORATION, : | | |
| Defendant. : | | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                   December 5, 2023

**I.      OVERVIEW**

On March 25, 2021 Plaintiff Azer Scientific Corporation and Defendant Quidel Corporation entered into an agreement for Plaintiff to fill, cap, and manufacture reagent for 120 million two mL tubes over a period of twelve months at a price of $0.087975 per tube and a total price of $10,557.000.00.  After an email exchange where a Defendant's representative informed Plaintiff it would not fulfill the terms of the agreement, Plaintiff filed suit. At the summary judgment stage both parties filed cross motions for partial summary judgment. Plaintiff asserted a contract was established and breached. On the other hand, Defendant averred no contract was established or breached.

The Court found the email correspondence on March 25, 2021 established an enforceable contract, but did not decide whether that contract was breached. It therefore granted partial summary judgment in Plaintiff's favor as to contract formation. Additionally, it granted partially in Defendant's favor eliminating Plaintiff's unjust enrichment claim. Plaintiff's breach of contract, anticipatory breach of contract, and declaratory judgment claims proceeded to trial.

In anticipation of trial, the Court ruled on various motions in limine limiting the evidence that could be presented to the jury. Following a four-day jury trial on Plaintiff's claims for breach of contract, a jury found Defendant breached the contract and awarded $8,521,609.00 in damages.

Before the Court is a Motion for a New Trial under Rule 59. Defendant argues that the Court erred in granting partial summary judgment in favor of Plaintiff and denying summary judgment in favor of Defendant. Defendant also challenges the Court's Order precluding Defendant from introducing an email conversation that amounted to settlement discussions prior to trial, draft supply agreements, purchase orders, and referencing conditions. Lastly, Defendant challenges the verdict forms, jury instructions, damages award, trial schedule, and witness order.

## II.  FACTUAL BACKGROUND

On March 25, 2021 Azer and Quidel entered into a contract for Azer to fill, cap, and manufacture reagent for 120 million two mL tubes over a period of twelve months at a price of $0.087975 per tube and a total contract price of $10,557.000.00.  *See* Mem. Op., ECF No. 103 at 12; *see also* Mem. Op., ECF No. 66 at 15-16.  After suit was filed in this Court, the Court granted partial summary judgment and determined that an enforceable contract was created. ECF No. 67. The case proceeded to a jury trial, where a jury was tasked with determining whether there was a breach of contract and, if so, whether damages were warranted for the breach.

Prior to empaneling the jury, the Court considered various motions in limine. Relevant to this Opinion, Azer filed Motions to exclude an email constituting settlement negotiations, draft supply agreements, purchase orders, and references to negotiated conditions. ECF No. 74 and 75. The Court granted these motions prior to trial.

On February 8, 2023, the jury was instructed on its task to determining whether Quidel breached its March 25, 2021 contract with Azer, and if so, what amount of money damages, if any, Azer was entitled to receive minus any amount Azer could have avoided or reduced through mitigation efforts. *See* Verdict Form, ECF No. 132; *see also* Jury Trial Day Four Transcript, ECF No. 139 at 123 (providing Azer must prove ". . . Quidel absolutely and unequivocally refused to perform its duties under the contract . . . and Azer would have been able to fulfill its obligations under the contract.") (Jury Instructions). The jury found Quidel breached the contract. ECF No. 132. And the jury provided a damages award of $8,521,609.00. *See id.*

Presently before the Court is Quidel's Motion for a New Trial under Rule 59. For the following reasons, the Motion is denied.

**III.   LEGAL STANDARD**

A district court may grant a new trial "for any reason for which a new trial has…been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). This decision lies solely within the court's sound discretion. *Pierce v. City of Philadelphia*, 811 F. App'x 142, 148 (3d Cir. 2020). The court should grant a motion for new trial only when "the jury's verdict resulted in a miscarriage of justice or shocks the conscience." *Id.* (quoting *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 366 (3d Cir. 1999)). "Absent a showing of 'substantial' injustice or 'prejudicial' error, a new trial is not warranted" and the court should leave undisturbed a plausible jury verdict. *Goodwin v. Seven-Up Bottling Co. of Philadelphia*, No. 96-2301, 1998 WL 438488, at *3 (E.D. Pa. July 31, 1998) (citation omitted).

IV.     ANALYSIS

A.  Summary Judgment Opinion

Defendant asserts it is entitled to a new trial because the Court erred in its summary judgment opinion. This same argument was raised and addressed in Defendant's Motion for Reconsideration at ECF Nos. 90, 103, and 104. The Court denied the Motion as untimely and further found no clear error of fact or law. When there is no valid motion to reconsider or to alter or amend the summary judgment order, courts have found that a new trial should not be granted. *Dean v. Specialized Sec. Response*, 876 F.Supp.2d 549, 559 (W.D. Pa. June 27, 2012) (stating "even if the court granted a motion for a new trial, the complained-of summary judgment rulings would stand"). The Court already considered the merits of this challenge, and similar to *Dean*, Plaintiff cites no decision in which a court granted a new trial because the summary judgment opinion was in error. Therefore, the Court finds a new trial is not warranted.

B.  Motions in Limine

A trial court has "great discretion" when determining the admissibility of evidence. *Link v. Mercedes-Benz of N. Am., Inc.,* 788 F.2d 918, 922 (3rd Cir. 1986).

a.  Settlement Email

Defendant claims the Court erred when it precluded the admission of an email containing settlement communications from trial, and it claims a new trial is thereby warranted. The Court disagrees.

Federal Rule of Evidence 408 provides "[e]vidence of the following is not admissible . . . : (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim." FED. R. OF EVID.

4

408. "[T]he Rule 408 exclusion applies where an actual dispute or a difference of opinion exists, rather than when discussions crystallize to the point of threatened litigation." *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 527 (3d Cir. 1995) (internal citation omitted)). "The facts of each case bear upon the trial court's exercise of discretion to apply the exclusion." *Id.* at 528. And the U.S. Court of Appeals for the Third Circuit has found "[t]he existence of a disputed claim as well as the timing of the offer are relevant to making this determination." *Id.*

On June 23, 2021, two days after the phone call where Defendant communicated it would not fulfill the terms of the contract, Plaintiff sent Defendant an email with "good faith proposals" stating it "sincerely want[s] to find a resolution." ECF No. 81. The Court found this constituted a settlement communication. *See*, ECF No. 119. Defendant contended, and continues to contend, this communication was a "business negotiation or demand" as opposed to a settlement offer. Further, Defendant claims the Court "significantly prejudiced [them] at trial by preventing the jury from acting in its role as factfinder." ECF No. 148 at 18.

In its pretrial Order, the Court found the timing of the communication and the language included in the email show Plaintiff sent it in an attempt to settle the Parties' disagreements. See, ECF No. 119. The Court stands by this finding, as it is clear a disputed claim existed at the time the email was sent. A new trial is therefore denied.

### b. Draft Supply Agreements, Purchase Orders, and Reference to Conditions

Defendant further contends that a new trial is warranted because the Court precluded Defendant from arguing that the terms of unexecuted supply agreements, draft purchasing orders, and additional terms and conditions were enforceable at trial. The Court denies this was a clear legal error.

5

The Court relied on the undisputed fact that while the parties attempted to negotiate additional terms of the contract, they never came to an agreement or executed forms. The Court found no legal basis to bind the Parties to particular provisions found in unexecuted contracts. *See, Daub v. Eagle Test Sys., Inc.*, No. C-05-01055 RMW, 2006 WL 3782877, at *6 (N.D. Cal. Dec. 21, 2006) (finding a provision in an unexecuted agreement is not valid and enforceable); *Nw. Bypass Grp. v. U.S. Army Corps of Engineers*, 488 F. Supp. 2d 22, 31 n. 9 (D.N.H. 2007), *clarified on denial of reconsideration*, No. 06 CV 00258 JAW, 2007 WL 1959248 (D.N.H. July 3, 2007) (rejecting plaintiffs' argument they could contractually enforce the provisions of an agreement they never signed because the court could find "no law that would allow [plaintiffs] to enforce . . . [covenants] in an unexecuted contract"); *BABI Int'l, Inc. v. Snapple Beverage Corp.*, 172 F. App'x 362 (2d Cir. 2006) (declining to find an enforceable contract where the parties negotiated terms back-and-forth but had no meeting of the minds). The Court affirms this decision. A new trial is therefore unwarranted.

### C. Verdict Form

Defendant asserts a new trial is warranted because its' request for additions to the verdict form were denied. Defendant requested language instructing the jury to find Defendant not liable if it found Plaintiff prevented Defendant from performing its duties under the contract, which was ultimately not included. The Court finds a new trial is not warranted on this ground.

Federal Rule of Civil Procedural 49 "places the matter of submitting interrogatories to the jury entirely within the discretion of the trial judge." *Moyer v. Aetna Life Ins. Co.*, 126 F.2d 141, 145 (3rd Cir. 1942). Generally, the failure to include questions or instructions on an affirmative defense on a verdict form "is not an abuse of discretion where the form, read in light of the jury instructions, informed the jury that in finding the defendant liable they were implicitly rejecting

6

the affirmative defense." *Hilburn v. State Dep't of Corr.*, 2012 U.S. Dist. LEXIS 106536, *27 (D.N.J. 2012).

Here, the verdict sheet, read in light of the jury instructions, did inform the jury that if they found Defendant liable they would be implicitly rejecting Defendant's affirmative defense. The verdict sheet included the question "Do you find, by a preponderance of evidence, that Quidel breached its March 25, 2021 contract with Azer?" Verdict Form, ECF No. 132. Prior to deliberating and completing the verdict sheet, the jury was instructed that "if [they] find that Azer prevented Quidel from performing its duty under the contract, Azer breached the contract and Quidel is not liable for performing its duties under the contract." Transcript Day 4. ECF No. 139 at 123. It was within the Court's discretion to omit the proposed instruction from the verdict slip, as the jury had already been instructed that Defendant would not be liable under those circumstances.

**D. Jury Instruction on Reliance Damages**

Defendant argues a new trial is warranted because the Court overruled Defendant's objection to the Court's proposed jury instructions which did not include language on reliance damages. The Court disagrees.

When a litigant moves for a new trial based upon improper jury instructions, the court must determine "whether the instructions, in their entirety, properly apprised the jury of the issues and applicable law. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487, 523 (M.D.Pa. 2010) (citing, *Donlin v. Philips Lighting N.Am. Corp.*, 581 F.3d 73, 78 (3d Cir. 2009)). If the court finds the instruction was erroneous, it must then decide "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial

7

justice.'" *Id.* (quoting, *Bhaya v. Westinghouse Elec. Corp.*, 709 F. Supp. 600, 601 (E.D.Pa. 1989)).

To assert his argument that an instruction on reliance damages should have been given, Defendant relies on case law that stands for the proposition that an *injured party* may seek reliance damages in the alternative to expectation damages. *See*, *Enchanted Acres Farm, Inc. v. Nature's One LLC*, 2019 U.S. Dist. LEXIS 129093, *16 (E.D.Pa. 2019). Expectation damages are the usual and preferred remedy for breach of contract. *Id.* However, reliance damages may be awarded if expectation damages are deemed inappropriate. *Id.* This is typically done when expectation damages are uncertain or unmeasurable. *Atacs Corp. v. Trans World Communs.*, 155 F.3d 659, 669 (3rd Cir. 1998).

Here, Plaintiff dismissed its promissory estoppel claim and did not pursue reliance damages. While case law has established that the injured party, Azer, could have pursued reliance damages, there is no established right for the non-injured party to demand a jury instruction on reliance damages. The Court determined that expectation damages were appropriate, and the selected jury instructions properly appraised the jury of the issues and applicable law. After being given these instructions, the jury properly determined an appropriate damage award. Therefore, a new trial based on inadequate jury instructions is denied.

### E. Damages Award

Defendant contends the $8,521,609.00 damages award is against the weight of the evidence, as damages could not be determined with a reasonable degree of certainty and an 80% profit margin is excessive. The Court disagrees.

"For the court to disturb a jury verdict, the damages assessed by the jury must be so unreasonable as to offend the conscience of the court." *Motter v. Everest & Jennings, Inc.*, 883

F.2d 1223, 1230 (3rd Cir. 1989). The Court may not vacate or reduce the award merely because it would have granted a lesser amount. *Id.* Instead, the Court should uphold the jury's award if there is a reasonable basis to do so. *Id.*

Here, the jury was provided with testimony from Plaintiff's damages expert and Plaintiff's Chief Financial Officer. Plaintiff's damages expert's estimated damage figure was a total of $9,629,293. ECF No. 138 at 248. However, the damage's expert and the chief financial officer calculated different "out of pocket" expenses. *Id.* at 195-200, 245-247. Defendant contends that this means the damages were speculative. However, as explained at trial, these figures were "built up in two different ways" using different data. *Id.* at 247. The witnesses differed in whether they included the cost of materials, mitigation, and labor. *Id.* at 245-46. However, just because witnesses use different data sets to calculate an award, does not mean that the estimate is speculative. It is within the province of the jury to weigh the evidence and reach a verdict regarding liability and damages. *See*, *Levin v. Weissman*, 594 F. Supp. 322, 329 (E.D.Pa. 1984). It is therefore proper for the jury to determine which data sets they credit in their calculations. In addition, it was reasonable for the jury to diverge from the historical profit margin of the Plaintiff, as the damages expert relied on actual cost data. Since the jury was permitted to consider the testimony of the witnesses and the evidence relied upon, the Court does not find the damages unreasonable or uncertain.

### F. Trial Schedule and Witness Order

Defendant further contends a new trial is warranted because it was prejudiced by the Court's decision to begin the case on Friday, February 3, 2023, and to preclude Defendant from recalling witnesses called during Plaintiff's case in chief. The Court disagrees.

A district court judge has "inherent power 'to control cases before it,' provided it exercises the power 'in a manner that is in harmony with the Federal Rules of Civil Procedure.'" *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3rd Cir. 1995) (citations omitted). Trial judges have broad discretion over the mode and control of examining witnesses. *See*, Fed. R. Evid. 611. They should use their discretion to avoid unnecessary waste of time. *Id.* The Third Circuit has denied reversal of judicial scheduling and procedural decisions when the party failed to show the ruling had an impact on the outcome of the case. *See*, *Duquesne Light Co.*, 66 F.3d at 611.

Here, by beginning the trial on the same day as jury selection and prohibiting the same witnesses from being recalled, the Court acted with its inherent power to control the case and acted to avoid unnecessary waste of time. Further, the Court took active steps to avoid prejudicing either party. The Court provided notice, permitted Defense to cross-examine witnesses beyond the scope of direct, and permitted Defendant to submit proposed instructions advising the jury of the procedural changes. Defense fails to identify how these ruling impacted the outcome of the case, and a new trial is therefore denied.

## V.     CONCLUSION

For the foregoing reasons, Quidel's Motion for a New Trial Under Rule 59 (ECF No. 148) is denied. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge