IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| AZER SCIENTIFIC INCORPORATED,<br>    Plaintiff, | : | |
| | : | |
|    v. | : | Civil No. 5:21-cv-02972-JMG |
| | : | |
| QUIDEL CORPORATION,<br>    Defendant. | : | |
| | : | |

_____

**ORDER**

  **AND NOW**, this 8th day of December 2023, upon consideration of Defendant's Motion for Judgment as a Matter of Law Under Rule 50 and Motion to Alter Judgment Under Rule 59 (ECF No. 148), and Plaintiff's Response in Opposition (ECF No. 151), **IT IS HEREBY ORDERED** as follows:

  1. The Motion for Renewed Judgment as a Matter of Law is **DENIED**.[1]

---

[1] In deciding whether to grant a motion for judgment as a matter of law, "the trial court must view the evidence in the light most favorable to the non-moving party and determine whether the record contains the 'minimum quantum of evidence from which a jury might reasonably afford relief.'" *Keith v. Truck v. Stops Corp.*, 909 F.2d 743, 745 (3d Cir. 1990) (citations omitted).

Defendant first avers it is entitled to judgment as a matter of law because the Court's Order granting partial summary judgment contained clear errors of law and fact. Defendant raises factual and legal arguments previously considered at ECF Nos. 66 and 103, such as the lack of intent to form a contract and lack of essential terms. The Court considered evidence relating to these legal arguments when it decided that an enforceable contract was established at the summary judgment stage. When addressing Defendant's Motion for Reconsideration, the Court stated it was not inclined to give Defendant "a second bite at the apple." ECF No. 103 (quoting, *United States ex rel. Sirls v. Kindred Healthcare, Inc.*, 536 F. Supp. 3d 1, 4 (E.D. Pa. 2021) (internal citations omitted). The Court certainly is not inclined to give it a third.

Next, Defendant contends renewed judgment as a matter of law is warranted for the same three reasons it originally moved for judgment as a matter of law. Defendant avers no reasonable jury could find the Defendant breached the alleged March 25 contract, Defendant anticipatorily breached the alleged contract, nor could it find Plaintiff proved its damages to a reasonable degree of certainty. The Court addressed each of these arguments in its Opinion denying Defendant's original motion for judgment as a matter of law. The Court cited specific evidence proffered at trial that would and did allow a jury to determine there was a breach, anticipatory breach, and subsequent damages. The Court reasserts its Opinion at ECF No. 154.

    2. The Motion to Alter Judgment is **DENIED**.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2] Under Rule 59(e), a court can elect to alter or amend the judgment after it has been entered. *See*, Fed. R. Civ. Proc. 59. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

For the forgoing reasons, and those stated in the Opinion at ECF No. 156, the Court finds no errors of law or fact and no new evidence presented. Therefore, the Motion is denied.